IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TRACEY DANIELS                                                                                   PLAINTIFF

V.                                              NO. 13-5243

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Tracey Daniels, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.     Procedural Background:**

Plaintiff protectively filed his current applications for DIB and SSI on November 30, 2010, alleging an inability to work since October 31, 2010,[1] due to neck problems, headaches, pain, anxiety, sleeping problems, seizures, high blood pressure, and depression. (Tr. 124-125, 131-136, 172). An administrative hearing was held on March 20, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 26-66).

By written decision dated June 14, 2012, the ALJ found that during the relevant time

---

[1] Plaintiff originally stated that his onset date was April 1, 2009, but at the hearing held before the ALJ, Plaintiff's attorney asked to amend his onset date to October 31, 2010. (Tr. 39).

period, Plaintiff had an impairment or combination of impairments that were severe - degenerative disc disease of the cervical spine, headaches, hypertension, and a history of seizures due to withdrawal from alcohol. (Tr. 12). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14-15). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except that the claimant can only occasionally climb ramps and stairs and can never climb ladders, ropes or scaffolds. Further, the claimant can only occasionally balance, stoop, kneel, crouch, and crawl. The claimant can also engage in only occasional overhead reaching bilaterally and only occasional overhead work bilaterally. Moreover, the claimant can frequently, but not constantly, engage in handling and fingering bilaterally, and in reaching in all other directions, other than overhead. The claimant can also frequently, but not constantly, operate foot controls bilaterally. Finally, the claimant must avoid concentrated exposure to hazards, including driving as part of his work.

(Tr. 15). With the help of the vocational expert (VE), the ALJ determined that during the relevant time period, Plaintiff could perform such jobs as machine tender (compression molding machine tender, leather riveting machine operator, and binding machine feeder); storage facility rental clerk; production and assembly worker positions (conveyor line bakery worker, bottling line attendant, toy assembler); production and assembly worker occupations (lampshade assembler, compact assembler, and fishing reel assembler); inspector, checker, examiner, and weigher positions (nut sorter, hand zipper trimmer, and type copy examiner). (Tr. 20).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 27, 2013. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc.

1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 9). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results

from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing his claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his RFC. See McCoy v. Schneider, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

### III.  Discussion:

What causes the Court concern is the fact that the ALJ failed to resolve a conflict between the VE testimony in this case and the DOT. In his RFC, the ALJ found, inter alia, that Plaintiff could "engage in only occasional overhead reaching bilaterally and only occasional overhead work bilaterally." (Tr. 15). As noted by Plaintiff, all of the jobs listed by the VE that Plaintiff would be able to perform require "frequent reaching" except the conveyor line bakery worker position. Defendant argues that even if such is the case, it is harmless error, and that the one position would be sufficient to support the ALJ's finding.

The Court first notes that as in the case of Moore v. Colvin, 769 F.3d 987, 989 (8th Cir. 2014), the ALJ in this case asked the VE if his testimony was consistent with the information found in the DOT and he responded "Yes, Your Honor." (Tr. 63). In Moore, the ALJ found that Plaintiff could only "occasionally perform overhead reaching bilaterally," and the VE found Plaintiff would be able to perform janitorial work and work in a restaurant as a cafeteria attendant clearing tables. Id. at 989. The Court noted that neither the Selected Characteristics of Occupations Defined (SCO), a companion volume to the DOT, nor the DOT, specifies the direction of reaching for either type of work. Instead, they list them only as requiring reaching "frequently." Id. The same is true in the case now before the Court, and in Moore, the Eighth Circuit concluded that if there is an "apparent unresolved conflict" between VE testimony and the DOT, "the ALJ must 'elicit a reasonable explanation for the conflict' and 'resolve the conflict by determining if the explanation given [by the expert] provides a basis for relying on the [VE] testimony rather than on the DOT information.'" Id. at 990. The Eighth Circuit further held:

> Absent adequate rebuttal, however, VE testimony that conflicts with the DOT "does not constitute substantial evidence upon which the Commissioner may rely to meet the burden of proving the existence of other jobs in the economy a claimant can perform."

Id. (quoting Kemp v. Colvin, 743 F.3d 630, 632 (8th Cir. 2014).

Based upon the foregoing, the Court is of the opinion that the Commissioner failed to meet her burden of proving that Plaintiff was not disabled in step five of the sequential evaluation process, and that this matter should be remanded in order for the ALJ to ask the VE to resolve the conflict referenced above. In addition, when the VE identifies jobs that Plaintiff would be able to perform, the ALJ should ask the VE to specify the numbers available locally

and nationally for each job within a classification, rather than lump the numbers of representative jobs together within the classification.

## IV.    Conclusion:

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED this 15th day of January, 2015.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)